# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | Case No. 2:15CR00015-005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ERIC BRIGHT,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Heather L. Carlton, Assistant United States Attorney, Charlottesville, Virginia, for United States; John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence.  The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1]  The defendant's motion has been fully briefed and is ripe for decision.

---

[1]  The Sentencing Commission has adopted such policy provisions.  Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not

I.

Bright was sentenced by this court on July 14, 2016, after pleading guilty to conspiring to possess with intent to distribute Alpha-PVP, a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He was determined to have a sentencing guideline range of 135 to 168 months, based on a total offense level of 31 and a criminal history category of III. However, he was sentenced below the guidelines to 84 months imprisonment after the government moved for a downward departure. While incarcerated prior to his sentencing, he was diagnosed and treated for COPD, asthma, unspecified kidney problems, hypothyroidism, herniated and ruptured discs in his back, heart problems, and high blood pressure. Presentence Investigation Report ¶ 520, ECF No. 706. His present projected release date is October 25, 2021.

Bright is incarcerated at FCI Elkton, in Lisbon, Ohio. FCI Elkton has been a Covid-19 hotspot, with confirmed active cases of 131 inmates and 12 staff as of May

---

a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

17, 2020.   Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov
/coronavirus/ (last visited May 18, 2020).  It appears that at least nine inmates have
died there of Covid-19.  Deanne Johnson, *Another Elkton prison death attributed to*
*COVID-19*, Salem News (Salem, Ohio), May 9, 2020, https://www.salemnews.net
/news/local-news/2020/05/another-elkton-prison-death-attributed-to-covid-19/.[2]

Bright emailed his unit supervisor on April 8, 2020, to apply for
compassionate release.  On April 15, 2020, the Federal Public Defender's Office
contacted FCI Elkton on Bright's behalf and made an additional compassionate
release request due to his numerous pre-existing medical conditions and the rising
number of coronavirus cases at the facility.  The prison confirmed receipt of his
counsel's request on April 16, 2020, but there has been no further response from the
Warden.

On April 21, 2020, Bright filed a motion seeking a reduction in his sentence
based on his significant health risks from the ongoing coronavirus pandemic.  In its
response filed April 29, 2020, the United States argued that Bright had not exhausted

---

[2]  A class action under 28 U.S.C. § 2241 is pending in the Northern District of Ohio
brought by four Elkton inmates, represented by attorneys of the ACLU of Ohio, for
immediate release of suspectable class members.  *Wilson v. Williams*, No. 4:20cv794-JG
(N.D. Ohio).  The court entered a preliminary injunction on April 22, 2020, ECF No. 22,
requiring the prison authorities to evaluate and transfer out of Elkton inmates over age 65
and those with documented pre-existing conditions, including diabetes.  The United States
appealed the preliminary injunction and the Sixth Circuit has expedited briefing and
submission of the case on the merits.  *Wilson v. Williams*, No. 20-3447, Order, ECF No.
33 (6th Cir. May 8, 2020).

his administrative remedies because he filed the present motion before 30 days had passed from the prison's receipt of his request.  Alternatively, it contended that the Bureau of Prisons has adopted adequate policies to protect inmates and staff from infection.  Bright responded that the court has the authority to consider his request without waiting for the 30-day window to lapse.  He also disputed the contention that the Bureau of Prisons is adequately protecting inmates.

## II.

Thirty days have now elapsed since the Bureau of Prisons received Bright's compassionate release request on April 8, 2020, and the Warden has not responded. Therefore, Bright's request is ripe for my consideration.  The USSG advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable:  (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement.  USSG § 1B1.13.

Bright is 51 years old.  He has a limited criminal history, which consists of a mix of non-violent drug convictions and property offenses.  He has a long substance-abuse history that started with alcohol provided by his father while he was a minor, and his addiction eventually included marijuana, pain pills, and bath salts.  Bright left school while in the ninth grade, but later received his GED.  He suffers from a

number of pre-existing conditions that make him particularly vulnerable if he catches the coronavirus and develops Covid-19, chiefly his weakened heart after an August 2014 heart attack and his asthma.  Bright has had only one prison infraction during his incarceration, and it was approximately two years ago.  He has served over 75 percent of his 84-month sentence.  While Bright was not a minor actor in the charged drug distribution conspiracy, he was not a leader.  The government also decided to move for a downward departure in his case.  Considering these facts and the § 3553(a) factors,  I find that Bright is qualified for relief.

III.

For the reasons stated, it is **ORDERED** as follows:

1.  The motion for compassionate release, ECF No. 1061, is GRANTED;

2.  Defendant's sentence is reduced to time served;

3.  Defendant's conditions of supervised release are amended to add the following special conditions:

> A.   Defendant must serve a term of four (4) months of home incarceration upon his release, requiring him to remain at his approved residence at all times day and night, except for emergency medical treatment for himself or family members, required appearances in court or at the place of his supervising probation office, and other absence approved in advance by his supervising probation office; and

B.   Defendant must comply with all State and other public authority requirements applicable to his place of residence or employment issued to reduce infection by the coronavirus; and

4. The Probation Office shall forthwith provide a copy of this Opinion and Order to the Bureau of Prisons.

ENTER:  May 18, 2020

/s/  JAMES P. JONES
United States District Judge